MALLIE C. THOMSON, and others, Appellants from decree of Judge of Probate.

Sagadahoc.    Opinion April 5, 1899.

*Probate.    Practice.    Reasons of Appeal.*

In probating a will, the sanity of the testator must be proved and is not to be presumed.    The burden of proving it lies on the proponent.

Where a proponent of a will is an appellant from the decree of the judge of probate disallowing such will, the reasons of appeal are invalid, if they do not contain an allegation that the testator was of sound mind when the will was executed.

ON EXCEPTIONS BY APPELLANTS.

The case is stated in the opinion.

*Chas. D. Newell*, for appellants, filed no brief.

*Edgar M. Briggs and Wm. T. Hall, Jr.*, for appellees.

The appellants are limited at the hearing in the supreme court of probate to their reasons of appeal.   No evidence is admissible except that which tends to prove the affirmative of the reasons of appeal.   *Gilman* v. *Gilman*, 53 Maine, 184; *Barnes* v. *Barnes*, 66 Maine, 286; *Cooper* v. *Armstrong*, 3 Kansas, 78; *Kellogg's Accounting*, 104 N. Y. 648; *Simmon* v. *Goodell*, 63 N. H. 458.

The appeal must be legal and effective.   *Deering* v. *Adams*, 34 Maine, 41.

This defect is not amendable.   *Townshend's Appeal*, 85 Maine, 59.

The bond is not according to R. S., c. 63, § 24, our statute. *Mathews* v. *Patterson*, 42 Maine, 259.

Counsel also cited: *Briard* v. *Goodale*, 86 Maine, 101; *Moody* v. *Moody*, 11 Maine, 247.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

PETERS, C. J.   Ann E. Darrah made her will which was disallowed by the judge of probate for the county of Sagadahoc, for

the reason, as expressed in the record, that the judge finds "from the testimony of the subscribing witnesses to said instrument and others that said last will and testament was not the will of said deceased, that it was not legally executed, and that at the time of executing the same the said deceased was of full age."

The legatees who presented the will for probate appealed from the judgment below, assigning for their reasons of appeal that "said will was the last will and testament of said Ann Eliza Darrah and was duly and legally executed." Objection is taken to the sufficiency of the reasons of appeal in that they do not aver either in direct or equivalent terms that the testatrix was of sound mind when she executed such instrument. It appears that in the reasons of appeal, in reciting the terms of the decision below the judge is made to say that the testatrix was of full age " and sound mind." But the words "and sound mind" do not appear in the text of the written record now presented as a part of the case.

Another objection relied on by the heirs against the legatees is that the bond filed by the latter in support of their appeal does not appear to have been properly approved by the judge below, his indorsement thereon being as follows: "Sagadahoc ss. June 25, 1898. Examined and ordered that this instrument be placed on file. Wm. T. Hall, Judge of Probate." And the register of probate attests that the same was received and filed.

As soon as the appeal was entered in this court the contestants of the will moved that the appeal be dismissed upon several grounds named in the motion, two of which we have already spoken of, and the sitting justice granted the motion. Exceptions were taken to the ruling ordering the dismissal of the proceedings, which were ordered to be argued in writing and the arguments forwarded to the chief justice within sixty days. The contestants furnished a brief but none has been received from any other party. The case does not disclose upon what ground the motion was sustained.

We are unwilling to consider at this time the question whether the bond was or not approved by the judge by his indorsement thereon, as it is not necessary to do so. We are disposed to sus-

tain the ruling at nisi prius upon the point taken that one of the reasons of appeal should have averred the soundness of mind of the testatrix. The sanity of a testator must be proved and is not to be presumed, and the burden of proving it lies on the proponent. A proponent, when he is also an appellant, can be allowed to prove no more than he alleges in his reasons for appeal. Not alleging mental soundness he is not permitted to prove soundness, and without such proof the will cannot be sustained, and an appeal in such case may properly be dismissed. It is all the more reasonable that soundness or sanity should have been asserted in the reasons of appeal in this case, in view of the fact that the judge below expressly declares that the instrument in question "was not the will of the said deceased, nor legally executed," meaning either because of undue influence or unsoundness of mind. Whether any explanation could be given of the record presented, or whether any amendment would be admissible, affording relief to the proponent, we need not consider as none is offered.

*Exceptions overruled.*